## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| *MONICA P. DONAHER,* | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| *v.* | ) | *Docket No. 05-195-B-W* |
| | ) | |
| *JO ANNE B. BARNHART,* | ) | |
| *Commissioner of Social Security,* | ) | |
| | ) | |
| *Defendant* | ) | |

### RECOMMENDED DECISION ON MOTION TO REMAND

The plaintiff moves to remand this appeal from a denial of Social Security Disability and Supplemental Security Income benefits to the defendant commissioner for the taking of additional evidence pursuant to sentence six of 42 U.S.C. § 405(g). Motion to Remand, etc. ("Motion") (Docket No. 9) at 1. The commissioner opposes the motion. Defendant's Response to Plaintiff's Motions [sic] for Remand, etc. ("Opposition") (Docket No. 10) at 1.

Section 405(g) provides "the statutory authority to remand for further proceedings where new evidence is presented after the ALJ decision if the evidence is material *and* good cause is shown for the failure to present it on a timely basis." *Mills v. Apfel*, 244 F.3d 1, 5 (1st Cir. 2001) (emphasis in original). However, "Congress plainly intended that remands for good cause should be few and far between, that a yo-yo effect be avoided – to the end that the process not bog down and unduly impede the timely resolution of social security appeals." *Evangelista v. Secretary of Health & Human Servs.*, 826 F.2d 136, 141 (1st Cir. 1987).

1

The plaintiff offers as additional evidence a report from Brian Rines, PhD., Exh. A to Motion ("Report"), dated December 7, 2005, nine months after the hearing on her claim for benefits before an administrative law judge took place, Record at 20.  On November 15, 2005 the Appeals Council declined to review the decision of the administrative law judge.  *Id*. at 6.  Dr. Rines saw the plaintiff on an unknown date in November 2005.  Report at [1].  The plaintiff contends that this report is new evidence, not available at the time of the hearing, material to her claim and might reasonably cause the commissioner's decision to be different.  Motion at 1-2.  In particular, she asserts that the report "necessarily sheds new light on the issue of meeting the durational requirements and the seriousness of" her mental condition, which she contends meets the requirements of an unspecified Listing, "as [the condition] existed at the time the ALJ made his determination."  *Id.* at 2.  She argues that the administrative law judge dismissed Dr. Rines' original report, based on two examinations he conducted in January 2005, "as not showing a problem meeting the durational requirements of 12 months" and that the new report conclusively establishes that the mental problem has lasted for at least 12 months.  *Id*. at 2-3.

The commissioner responds that the new report does not meet the criteria for remand under sentence six because it does not relate back to the period before the administrative judge issued his opinion on August 11, 2005.  Opposition at [2].[1]  She also contends that the report does not raise a reasonable possibility of changing her decision inasmuch as the administrative law judge discounted Dr. Rines' initial report because it was inconsistent with other medical evidence in the record and there was no basis for concluding that the level of severity described by Dr. Rines would last for a continuous 12 months.  *Id*. at [2]-[3].  Nothing in the new report, she asserts, "brings Dr. Rines' conclusions in line with the overall medical record."  *Id*. at [3].

---

[1] Counsel for the commissioner is reminded that all memoranda pages are to be numbered, at the bottom.  Local Rule 7(e).

The administrative law judge said the following about Dr. Rines' initial report in his written decision:

> At the request of claimant's counsel, Brian Rines, Ph.D., evaluated the claimant on two occasions in January 2005, and provided a written report dated February 23, 2005. Dr. Rines took a lengthy personal history from the claimant, reviewed various medical records, and administered a MMPI-2 test and a mental status examination. Diagnoses included major depression, an anxiety disorder with panic and increasing agoraphobia, alcohol dependence in sustained remission, and an attention deficit disorder by history; the claimant also had borderline and avoidant personality traits, and chronic pain. Dr. Rines felt the claimant had occupational, family, social, financial and health stressors of at least moderate proportions, with the last two areas being severe; and he assessed her global assessment of functioning (GAF) score as in the lowest 40's at this time. He further opined that the claimant's condition meets the criteria of Sections 12.04, 12.06 and 12.08 of the Social Security Administration's Listing of Impairments, with moderate to marked or marked restrictions of activities of daily living, maintaining social function, and maintaining concentration, persistence or pace, and repeated (or ongoing) episodes of decompensation. This psychologist concluded that the claimant "is currently significantly impaired to substantial work activities and in fact, can only marginally complete her daily activities at home," and he expected that "her impairment to work activities will very likely extend into the foreseeable future" (Exhibit 14F).
>
> * * *
>
> Although the claimant's mental conditions may have been severe when seen by Dr. Rines in January 2005, his findings and opinions are entirely inconsistent with the treatment records from Mid-Coast [M]ental Health from May 2000 through December 2004, where good results were reported from medications, the claimant repeatedly indicated she was not depressed, and her condition repeatedly was described as stable. The Administrative Law Judge gives greater weight to the findings and opinions of the claimant's long-time treating sources, and to the State Agency assessments, than to the inconsistent report from psychologist Rines based on only two visits in January 2005. 20 C.F.R. 404.1527(d) and 416.927(d), and Social Security Ruling 96-2p. There is nothing else in the treatment record to support his opinions that the claimant meets the criteria of any mental impairment Listings, and there simply is no basis for assuming that . . . the level of severity he described, even if accurate, will persist for a continuous period of at least 12 months. Likewise, the undersigned finds that the claimant's subjective complaints are not credible and exaggerate the severity of her functional restrictions, which are not incapacitating.

Record at 16-17.

This is an accurate summary of Dr. Rines' original report, *id*. at 482-91, which itself was submitted to the administrative law judge after the hearing, *id*. at 3. Dr. Rines did not define the term "the foreseeable future" as he used it to describe the projected length of the plaintiff's mental impairments. In the newly-submitted report, Dr. Rines notes that he spent one and one-half hours with the plaintiff in November 2005. Report at [1]. Under the heading "Prognosis" he states: "Poor to fair if she complies with medical and psychiatric treatment. If she continues on a non-compliant tack then it is guarded to poor." *Id*. He notes that the plaintiff "told me that in late fall she began to abstain from her prescribed medication regimen and that she [has] not been open or candid with her . . . psychiatrist and a licensed professional counselor." *Id*. He further notes that the plaintiff reported "that she had been experiencing self-disparaging auditory hallucinations for years" and that "she had not told her providers of the voices." *Id*. at 2. She also reported that she had "recurrent suicidal ideation" which she had not discussed with these medical care providers. *Id*. He apparently did no testing during the November meeting, basing his "impression and findings" on his discussion with the plaintiff and her self-report of symptoms. *Id*. at 3-5. The report says nothing about the duration of the diagnoses made and limitations assigned by Dr. Rines; it is the plaintiff's attorney who draws the conclusion that, because the meeting with Dr. Rines that gave rise to the later report occurred ten months later than his two initial meetings with her, this report "shows . . . that the ALJ's reasoning regarding the 12-month duration requirement was faulty." Reply Memorandum (Docket No. 11) at 1.

Even if that assertion were accepted as valid, it is clear that the administrative law judge did not discount Dr. Rines' initial report only because Dr. Rines did not address the probable duration of the mental impairments he found. Of course, Dr. Rines' subsequent report shows that he concludes that the impairments he noted ten months earlier still existed, making it more likely that each would have a duration in excess of 12 months, but any report generated eight months after a hearing before an

administrative law judge by a mental health professional who found that an impairment he had identified ten months earlier was still present would have that effect.  If that were all that were necessary to obtain a remand under sentence six, most claimants seeking benefits for alleged mental impairments would submit such reports.  Every claimant could better "address[] the duration issue," Reply Memorandum at 2, ten months after his or her hearing before an administrative law judge.  The First Circuit said in *Evangelista* that a sentence six remand "is appropriate only where the court determines that further evidence is necessary to develop the facts of the case fully, that such evidence is not cumulative, and that consideration of it is essential to a fair hearing."  826 F.2d at 139.  Again, the only new fact that Dr. Rines offers in his second report is that, based on what the plaintiff told him, he concluded that his earlier conclusions were still valid.

In addition, I cannot conclude that, were the new report to be considered, the commissioner's decision "might reasonably have been different."  *Id*. at 140 (citation omitted).  The administrative law judge also rejected Dr. Rines' initial report because it was inconsistent with the medical records from the plaintiff's mental health care providers.  Nothing in the new report would have any effect on that conclusion.  Indeed, the fact that the plaintiff reported to Dr. Rines that she had not been candid with her mental health care providers and had been non-compliant with her prescribed medication regimen makes it more likely that the commissioner's decision on remand would be the same.  Accordingly, the requirement that the newly proffered evidence be likely to change the commissioner's decision is not met in this case. *See id.* at 140-41.

For the foregoing reasons, I recommend that the plaintiff's motion for remand be **DENIED**.

## *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for*

**which _de novo_ review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.**

**Failure to file a timely objection shall constitute a waiver of the right to _de novo_ review by the district court and to appeal the district court's order.**

Dated this 23rd day of May, 2006.

/s/ David M. Cohen
David M. Cohen
United States Magistrate Judge