*UNITED STATES DISTRICT COURT*
*DISTRICT OF MAINE*

| | | |
|---|---|---|
| *MONICA DONAHER,* | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| *v.* | ) | *Docket No. 05-195-B-W* |
| | ) | |
| *JO ANNE B. BARNHART,* | ) | |
| *Commissioner of Social Security,* | ) | |
| | ) | |
| *Defendant* | ) | |

*REPORT AND RECOMMENDED DECISION*[1]

In this Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal,

the plaintiff contends that the administrative law judge failed to comply with 20 C.F.R. § 404.1520a,

failed to make the required findings at Step 4 of the commissioner's sequential review procedure and

erroneously used the Grid to reach a conclusion at Step 5 of that procedure.  I recommend that the

court affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520,

416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the

administrative law judge found, in relevant part, that the medical record established severe

impairments, including degenerative disk disease of the cervical spine and some depression and

anxiety, but that these impairments, considered separately or in combination, did not meet or equal the

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3).  The commissioner has admitted that the plaintiff has exhausted her administrative remedies.  The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office.  Oral argument was held before me on
(*continued on next page*)

1

criteria of any of the impairments listed in Appendix 1 to Subpart P, 20 C.F.R. Part 404 (the "Listings"), Finding 3, Record at 18; that the plaintiff's testimony regarding the severity of her pain and her mental and physical limitations was not well supported by the medical evidence and was not considered credible, Finding 4, *id*.; that the plaintiff retained the residual functional capacity to perform semi-skilled work at the light level of exertion, because she could sit at least six hours, stand or walk up to six hours and lift or carry up to 20 pounds occasionally and 10 pounds frequently and could understand, remember and carry out routine job instructions, could relate appropriately to others in the workplace and could sustain attention and concentration for routine tasks, Finding 5, *id*.; that she could not perform her past relevant work as the owner of a woodworking design business and of a macramé design business, but that she could perform her past relevant work at the semi-skilled, light level as a counselor in a group home and as a personal care assistant, Finding 6, *id*.; that she also retained the physical and mental residual functional capacity to perform other unskilled, sedentary jobs existing in significant numbers in the national economy, Finding 7, *id*.; and that she therefore was not disabled as that term is used in the Social Security Act, Finding 8, *id*.  The Appeals Council declined to review the decision, *id*. at 6-8, making it the final determination of the commissioner, 20 C.F.R. §§ 404.981, 416.1481; *Dupuis v. Secretary of Health & Human Servs*., 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence.  42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs*., 76 F.3d 15, 16 (1st Cir. 1996).  In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the

---

September 22, 2006, pursuant to Local Rule 16.3(a)(2)(C) requiring the parties to set forth at oral argument their respective positions with citation to relevant statutes, regulations, case authority and page references to the administrative record.

conclusion drawn.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 4 of the sequential review process, at which stage the claimant bears the burden of proof of demonstrating inability to return to past relevant work.  20 C.F.R. § 404.1520(e); *Bowen v. Yuckert*, 482 U.S. 136, 147 n.5 (1987).  At this step the commissioner must make findings of the plaintiff's residual functional capacity and the physical and mental demands of past work and determine whether the plaintiff's residual functional capacity would permit performance of that work.  20 C.F.R. § 404.1520(e); Social Security Ruling 82-62, reprinted in *West's Social Security Reporting Service* Rulings 1975-1982 ("SSR 82-62"), at 813.

The administrative law judge's opinion also implicates Step 5 of the review process.  At that stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work.  20 C.F.R, §§ 404.1520(f), 416.920(f); *Bowen*, 482 U.S. at 146 n.5; *Goodermote*, 647 F.2d at 7.  The record must contain positive evidence in support of the commissioner's findings regarding the plaintiff's residual work capacity to perform such other work.  *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

### Discussion

### Step 4 — The PRTF

The plaintiff first contends that the administrative law judge failed to comply with 20 C.F.R. § 404.1520a (and, presumably, 20 C.F.R. § 416.920a) as he was required to do after she demonstrated the presence of a "colorable mental impairment."  Plaintiff's Itemized Statement of Specific Errors ("Itemized Statement") (Docket No. 8-1) at 2.  Specifically, the plaintiff asserts, *id*., that the administrative law judge failed to comply with the following portion of the cited section of the applicable regulations:

> At the administrative law judge hearing and Appeals Council levels, the written decision issued by the administrative law judge or Appeals Council must incorporate the pertinent findings and conclusions based on the [special] technique.  The decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s).  The decision must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section.

20 C.F.R. §§ 404.1520a(e)(2); 416.920a(e)(2).  The functional areas to which this subsection refers are activities of daily living; social functioning; concentration, persistence or pace; and episodes of decompensation.  20 C.F.R. §§ 404.1520a(c)(3); 416.920a(c)(3).  Citing case law from other jurisdictions, the plaintiff states flatly that failure to comply with this regulation "requires a remand." Statement of Errors at 2.

I do not read the plaintiff's statement of errors to contend that the administrative law judge himself was required to complete the standard document recording the application of the technique that is commonly known as the psychiatric review technique form ("PRTF"), and counsel for the plaintiff disavowed any such position at oral argument.  That document need only be completed at the initial and reconsideration levels of the administrative review process.  20 C.F.R. §§ 404.1520a(e); 416.920a(e).  The administrative record includes two PRTFs, completed by state-agency psychologist-reviewers.  Record at 254-67, 365-79.

The administrative law judge's opinion notes that the state-agency reviewers found the plaintiff's mental impairments to be "mild or non-severe," that in November 2004, five months before the hearing, medical records from Mid-Coast Mental Health indicated that the plaintiff was alert, oriented, and friendly, with good eye contact; did not appear tense or anxious; exhibited mood and affect within normal limits; and had no suicidal intent or ideation. *Id*. at 16. The same records from December 2004 described the plaintiff as alert, oriented, friendly and showing no thought disorder,

affect and mood within normal limits and no suicidal intent or ideation.  *Id*.  The opinion also recounts

the significant findings from the report of Brian Rines, Ph.D., a psychologist who saw the plaintiff

twice in January 2005 at her lawyer's request.  *Id*. at 16-17.  The administrative law judge stated his

conclusions with regard to the plaintiff's alleged mental impairments as follows:

> While she has repeatedly complained of  . . . significant family-related stressors, the record does not demonstrate incapacitating limitations. . . . [N]o psychiatrist, psychologist, or therapist who treats the claimant's mental/emotional complaints has ever described them as "disabling" or even very severe.  Although the claimant's mental conditions may have been severe when seen by Dr. Rines in January 2005, his findings and opinions are entirely inconsistent with the treatment records from Mid-Coast Mental Health from May 2000 through December 2004, where good results were reported from medications, the claimant repeatedly indicated she was not depressed, and her condition repeatedly was described as stable. The Administrative Law Judge gives greater weight to the findings and opinions of the claimant's long-time treating sources, and to the State Agency assessments, than to the inconsistent report from psychologist Rines based on only two visits in January 2005.  20 C.F.R. 404.1527(d) and 416.927(d) and Social Security Ruling 96-2p. . . . [T]here simply is no basis for assuming that . . . the level of severity he described, even if accurate, will persist for a continuous period of at least 12 months.

*Id*. at 17.  The administrative law judge further found that the plaintiff "can understand, remember and

carry out routine job instructions, can relate appropriately to supervisors, coworkers and the public,

and can sustain attention and concentration for routine tasks."  *Id*.  The two PRTFs record mild

limitations in the functional areas of activities of daily living; social functioning; and maintaining

concentration, persistence or pace.  *Id*. at 264, 375.  One finds no episodes of decompensation, *id*. at

264; the other finds insufficient evidence on this point, *id*. at 375.

The administrative law judge's opinion refers specifically to the findings of the state-agency

reviewers, to the most recent relevant medical records and to the report of Dr. Rines.  It gives reasons

for his rejection of Dr. Rines' conclusions and incorporates the pertinent findings of the state-agency

reviewers as to two of the four functional areas.  His findings with respect to understanding, memory,

social relationships and attention and concentration can only reasonably be construed to refer to those functional areas. No evidence of any incident of decompensation was presented by the plaintiff, so the only oversight by the administrative law judge was his failure to mention the plaintiff's functional limitations with respect to activities of daily living as such.

Technically, the administrative law judge may have failed to comply with that portion of the regulation that requires him to include in his decision a specific finding as to the degree of limitation in each of the four functional areas. The plaintiff asserts that "[t]his is not harmless error, because a properly-evaluated mental impairment, when incorporated into the claimant's RFC, may have ruled out past relevant work at step 4 of the sequential evaluation process, and would have further precluded use of the Grid at step 5." Statement of Errors at 3. When asked at oral argument how the mild limitations in the three functional areas at issue would necessarily rule out work as a personal care assistant or a counselor in a group home, counsel for the plaintiff responded that there would be an impact "to the extent that there is an issue of concentration, persistence and pace." This is not the type of job-specific limitation that must be shown in order to make any error more than harmless. No reason why a mild limitation on concentration, persistence or pace would make either of these jobs unavailable to the plaintiff is readily apparent.

Neither of the cases cited by the plaintiff in connection with this issue provides persuasive authority for a different result. Both involved the failure of an administrative law judge to complete a PRTF at a time when the regulations required that the administrative law judge do so. *Gutierrez v. Apfel*, 199 F.3d 1048, 1051 (9th Cir. 2000); *Stambaugh v. Sullivan*, 929 F.2d 292, 295-96 (7th Cir. 1991). The version of the regulation applicable to this case, quoted above, does not include this requirement.

**Step 4 — SSR 82-62**

The plaintiff next contends that the finding that she could return to her work as a counselor or a personal care assistant is erroneous because her work history report makes clear that those jobs involved walking and/or standing in excess of what is possible under the residual functional capacity ("RFC") assigned by the administrative law judge. Statement of Errors at 3. She also asserts that her earnings report shows that the personal care assistant job "was not performed at the level of substantial gainful activity," making it unavailable as past relevant work. *Id*. Finally, she argues that the administrative law judge did not make the findings required by Social Security Ruling 82-62 with respect to the physical and mental demands of these two jobs and the comparison of her RFC to those demands. *Id.* at 4.

The administrative law judge found that the plaintiff could "perform her past relevant light, semiskilled work as a counselor in a group home, and as a personal care assistant." Record at 17. Thus, it is the physical and mental demands of those jobs as the plaintiff performed them rather than as they are performed in the national economy that is the appropriate comparison with the RFC assigned by the administrative law judge. The plaintiff reported that her job as a counselor in a group home required her to walk and stand 7 hours a day. *Id*. at 114. This is inconsistent with the administrative law judge's RFC, which limits standing and walking to 6 hours in an eight-hour workday. *Id*. at 18 (Finding 5). The plaintiff reported that her work as a personal care assistant required walking and standing for 2 to 8 hours per workday and her hours per day varied from 2 to 8. *Id*. at 117. The administrative law judge's decision at Step 4 cannot stand for this reason alone.

In addition, the opinion fails to comply with SSR 82-62, which states that a Step 4 determination must contain specific findings of fact regarding (i) the claimant's RFC, (ii) the physical and mental demands of the past job/occupation and (iii) the fit between RFC and the demands of the

past relevant work.  SSR 82-62 at 813.  The decision in this case veered from this mandated analytical route.

The administrative law judge did make an RFC finding.  Record at 17-18.  With respect to the second required finding, however, he made no such statement.  He merely offered the conclusory statement: "she retains the physical and mental residual functional capacities to perform her past relevant light, semiskilled work as a counselor in a group home, and as a personal care assistant."  *Id.* at 17; *see also* Finding 6, *id*. at 18.  This does not meet the requirement of SSR 82-62 that a specific comparative finding be made.  As to the third required finding, the quoted statement makes the required specific finding, but it is without support in the decision.  In any event, without the analysis required by the second prong of the SSR 82-62 paradigm, the omission with respect to Step 4 cannot be said to be harmless.[2]

## Step 5 — The Grid

The administrative law judge also made a finding at Step 5.  It is necessary to consider the plaintiff's challenge to that finding as well, because, if the commissioner were to find on remand that the plaintiff could not return to her past relevant work, a decision would have to be made at Step 5.  In other words, if the administrative law judge is correct at Step 5, his errors at Step 4 are harmless.

The plaintiff contends that her nonexertional limitations make the administrative law judge's reliance on Appendix 2 to Subpart P, 20 C.F.R. Part 404 (the "Grid") erroneous.  Statement of Errors at 4-6.  The specific statement of the administrative law judge at issue is: "[E]ven if the claimant were limited to sedentary, unskilled work . . ., a finding of 'not disabled' still would be appropriate under Rule 201.21 of the Medical-Vocational Guidelines in Appendix 2 to 20 C.F.R. Part 404, Subpart P."

---

[2] This conclusion, as well as that concerning the physical demands of the plaintiff's past work as a counselor and a personal care assistant, make it unnecessary to address the plaintiff's contention that the personal care assistant position could not constitute past relevant work because it was not substantial gainful activity.  *See* 20 C.F.R. §§ 404.1560(b), 404.1574; 416.960(b), 416.974.

Record at 17. This conclusion is apparently expressed also in Finding 7: "The claimant also retains the physical and mental residual functional capacities to perform other unskilled, sedentary jobs existing in significant numbers in the national economy." *Id*. at 18.

The only RFC assigned to the plaintiff by the administrative law judge includes some non-exertional limitations: the plaintiff "can understand, remember and carry out routine job instructions, . . . and can sustain attention and concentration for routine tasks." *Id*. The plaintiff characterizes this as "a major limitation that would eliminate jobs requiring complex instructions and tasks." Statement of Errors at 5.

It is clear that the administrative law judge applied the Grid in this case and equally clear that use of the Grid is inappropriate when the occupational base is significantly limited by a nonexertional impairment. *Heggarty v. Sullivan*, 947 F.2d 990, 995-96 (1st Cir. 1991). The problem here is that the plaintiff essentially asks this court to accept her characterization of the specified non-exertional impairments as "major." She goes on to argue that "[t]he sedentary job base is small, and eliminating complex jobs may be a substantial erosion of that occupational base. The ALJ should have consulted a vocational expert to give evidence regarding the erosion of the occupational base due to these nonexertional impairments." Statement of Errors at 5.

"If a non-strength impairment, even though considered significant, has the effect only of reducing that occupational base marginally, the Grid remains highly relevant and can be relied on exclusively to yield a finding as to disability." *Ortiz v. Secretary of Health & Human Servs*., 890 F.2d 520, 524 (1st Cir. 1989). However, "[w]here there is more than a slight impact on the individual's ability to perform the full range of sedentary work, if the adjudicator finds that the individual is able to do other work, the adjudicator must cite examples of occupations or jobs the individual can do and provide a statement of the incidence of such work in the region where the

individual resides or in several regions of the country."  Social Security Ruling 96-9p, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991 (Supp. 2004) at 156.  Here, the administrative law judge made no such findings and must therefore be presumed to have found that the plaintiff's mental limitations had the effect of reducing the sedentary occupational base only marginally.  This conclusion is supported by the language of SSR 96-9p, which has particular relevance to the plaintiff's argument:  "Unskilled sedentary work also involves other activities, classified as 'nonexertional,' such as capacities for seeing, manipulation, and understanding, remembering, and carrying out simple instructions."  SST 96-9p at 154.  "Understanding, remembering, and carrying out simple instructions" is just the capacity the administrative law judge found the plaintiff to have.  Accordingly, it is not possible to say that an inability to do complex tasks or to follow complex instructions has more than a slight impact on the full range of unskilled, sedentary work.

The plaintiff's only challenge to the decision at Step 5 fails.

### Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 29th day of September, 2006.

                                        /s/ David M. Cohen
                                        David M. Cohen
                                        United States Magistrate Judge